**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In the name of the UNITED STATES OF AMERICA for the use and benefit of BOUNDLESS MANAGEMENT OUTSOURCING GROUP, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>ENDURANCE ASSURANCE CORP., DEPARTMENT OF VETERANS AFFAIRS, and VENERGY GROUP LLC,<br><br>    Defendants. | **Civil No. 25-1656 (GMM)** |

<u>**OPINION AND ORDER**</u>

Before the Court are Defendant Venergy Group LLC's ("Venergy") *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)*, (Docket No. 5), joined by Defendant Endurance Assurance Corp ("Endurance"), (Docket No. 6), and Defendant the United States Department of Veterans Affairs' ("VA") *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6)*, (Docket No. 21) (collectively, "Motions to Dismiss"). For the following reasons, the *Motions to Dismiss* are **GRANTED**.

## I.    BACKGROUND

Plaintiff Boundless Management Outsourcing Group, LLC ("Boundless") filed suit, pursuant to federal question jurisdiction, to recover damages for breach of contract under the

Civil No. 25-1656 (GMM)
Page - 2 –

Miller Act, 40 U.S.C. §§ 3131-34, and Puerto Rico law. *See generally* (Docket No. 1).

Per Boundless' *Complaint*, Venergy contracted with the VA for the performance of construction work at a hospital. (Id. at 4 ¶ 16). Venergy, in turn, subcontracted Boundless to furnish labor and materials. (Id. at 5 ¶ 19). After completion of the construction project, Boundless invoiced Venergy for the total amount owed, (id. at 5-8 ¶¶ 25, 33-37), of which Venergy disbursed only a partial amount. (Id. at 6-8 ¶¶ 28, 33-37). Boundless seeks to recover the remaining $225,530.09 that is allegedly owed by Venergy, which is backed by its surety company Endurance. (Id. at 1 ¶ 2; 7-8 ¶ 37).

According to the allegations, Venergy retained partial payment due to Boundless' delays in the performance of the work, (id. at 6 ¶ 29), yet Boundless claims that the contract did not establish a schedule to complete the project and that Boundless diligently performed its contractual obligations despite delays caused by Venergy. (Id. at 5 ¶ 20, 6 ¶ 30).

In addition to the $225,530.09 allegedly owed, Boundless further seeks to recover $56,158.00 for lost income that Boundless has purportedly suffered due to Venergy's breach and early termination of the contract, along with any accrued prejudgment interest. (Id. at 11-12 ¶¶ 56, 65).

Civil No. 25-1656 (GMM)
Page - 3 –

Venergy and the VA respectively move for dismissal. (Docket Nos. 5, 21). Venergy claims that Boundless' causes of action are time-barred because the suit was filed more than one year after the completion of the construction project. (Docket No. 5 at 8). Endurance joins Venergy's motion seeking dismissal. (Docket Nos. 6, 7). The VA echoes Venergy's argument and further claims that, as an agency of the United States, it is shielded by sovereign immunity. (Docket No. 21 at 8-10).

Boundless responded to Venergy's motion. (Docket Nos. 14, 26). Plaintiff argues that it timely initiated this civil action because the applicable one-year statute of limitations began to run at the moment that Boundless was notified about Defendants' alleged breach in February 2025, and not from the date that the construction project was completed in October 2024. (Docket Nos. 14 at 4-8; 26 at 1-3). Boundless, however, does not respond to the VA's sovereign immunity challenge. *See generally* (Docket Nos. 14; 26).

## II.  LEGAL STANDARD

Federal courts are of limited jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). They possess "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013); *see* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The party asserting jurisdiction

Civil No. 25-1656 (GMM)
Page - 4 -

has the burden of demonstrating its existence. Viqueira, 140 F.3d at 16.

A party may seek dismissal of a civil action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). "Subject-matter jurisdiction refers to a court's power to hear the case before it." Boniface v. Viliena, 145 F.4th 98, 109 (1st Cir. 2025) (internal quotations omitted). "[I]f a federal court concludes that subject-matter jurisdiction is lacking, it must dismiss the complaint, no matter what stage of the proceeding the case is in." Id.

Separately, a party may seek dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor, disregarding conclusory legal allegations, to determine whether the complaint states a plausible claim to relief. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). An untimeliness defense may properly be resolved on a Rule 12(b)(6) motion where the complaint's own well-pleaded facts show that the action was filed after the applicable limitations period expired. Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-14 (1st Cir. 2009).

Civil No. 25-1656 (GMM)
Page - 5 –

## III. DISCUSSION

Several challenges stand before this Court. First, the VA argues that a suit against it cannot lie because the VA is shielded by sovereign immunity. (Docket No. 21 at 9-10). Second, all Defendants – the VA, Venergy, and Endurance – assert that Boundless' Miller Act claim is time-barred. (Docket Nos. 5 at 8-9; 6; 21 at 10). For those reasons, Defendants aver that this Court lacks a federal question and encourage the Court not to exercise supplemental jurisdiction over the remaining Commonwealth claims.

After reviewing the record, this Court agrees with Defendants and dismisses this action.

A.   Sovereign Immunity

As jurisdiction is a threshold question for claims against the VA, the Court starts – and ends – with its sovereign immunity inquiry.

The United States and its agencies enjoy sovereign immunity from suit unless said immunity is waived. FDIC v. Meyer, 510 U.S. 471, 475 (1994). A waiver must be unequivocally expressed in statutory text. Lane v. Pena, 518 U.S. 187, 192 (1996). These texts are strictly construed; waivers will not be implied. Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 95 (1990).

Central to the success of the VA's argument, therefore, is an examination of the Miller Act's text. This act regulates federal construction projects. GE Supply v. C & G Enters., Inc., 212 F.3d

Civil No. 25-1656 (GMM)
Page - 6 -

14, 17 (1st Cir. 2000). By its terms, the Supreme Court has interpreted the Miller Act as "only giv[ing] subcontractors the right to sue on the surety bond posted by the prime contractor, not the right to recover their losses directly from the Government." Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 263-264 (1999).

The First Circuit has not weighed in on whether the Miller Act's text expressly waives sovereign immunity in a suit directly against the United States or its agencies. *Cf.* Ramsdell v. G. H. Coffey Co., 632 F.2d 162, 163 (1st Cir. 1980) (finding, in the context of considering the United States a trustee for a subcontractor under the Miller Act, "unpersua[sive] that appellant could likely establish that the Government has waived its sovereign immunity in this situation"). Nevertheless, other federal appellate courts have previously decided that no waiver exists. *See, e.g.,* Arvanis v. Noslo Eng'g Consultants, Inc., 739 F.2d 1287, 1290 (7th Cir. 1984) ("There is clearly no waiver of sovereign immunity here."); Active Fire Sprinkler Corp. v. U.S. Postal Serv., 811 F.2d 747, 753 (2d Cir. 1987) (noting that "the Miller Act was not a waiver of immunity"). These circuit courts reached this conclusion because, "in light of the terminology of the [Federal] Tort Claims Act [("FTCA")]" which includes a clear waiver of sovereign immunity, a claim under the Miller Act "simply cannot apply where the claimed negligence arises out of the failure of

Civil No. 25-1656 (GMM)
Page - 7 -

the United States to carry out a statutory duty in the conduct of its own affairs." United States v. Smith, 324 F.2d 622, 624-25 (5th Cir. 1963); see also McMann v. N. Pueblos Enters., Inc., 594 F.2d 784, 785 (10th Cir. 1979) (acknowledging a violation of the Miller Act isn't actionable alone nor through the FTCA); Devlin Lumber & Supply Corp. v. United States, 488 F.2d 88, 89 (4th Cir. 1973) (per curiam) (same); Westbay Steel, Inc. v. United States, 970 F.2d 648, 650 (9th Cir. 1992) (same).

The Court finds this analysis persuasive. Here, unlike in the FTCA, the Court does not identify any clear language in the Miller Act expressly waiving the United States or its agencies' sovereign immunity. Therefore, without unequivocal language, the Court will not proceed with claims against the VA.

B.    Statute of Limitations

Independent of jurisdictional questions, Boundless' Miller Act claim is barred by the statute of limitations against all three Defendants.

Suits under the Miller Act "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). The First Circuit expressed that "[t]here is nothing ambiguous about this provision, and so we must give effect to its obvious meaning." GE Supply, 212 F.3d at 18.

**Civil No. 25-1656 (GMM)**
**Page - 8 -**

As asserted in their *Complaint*, Boundless furnished the last labor and materials for the federal construction project "on or about October 30 of 2024." (Docket No. 1 at 7 ¶ 34, 9-10 ¶ 49). However, it filed its *Complaint* more than one year later, on December 8, 2025.[1] *See generally* (id.). Despite this untimeliness, Boundless asks this Court to equitably toll the one-year statute of limitations because it was not until "February 4th or 5th of 2025[] when Plaintiff was put on notice for the first time that payment for the invoices was denied, and the Surety Bond information was revealed." (Docket No. 14 at 6-7).

Venergy, joined by Endurance, responds that Boundless is impermissibly amending its *Complaint* with its opposition brief by presenting February 2025 date as the new accrual date for the

---

[1] Boundless affirmatively, unambiguously established thrice in its *Complaint* that that it "last furnished labor or material at the Project on or about October 30 of 2024." (Docket No. 1 at 7 ¶ 34, 10 ¶ 49, 12 ¶ 64). However, without seeking leave to amend its *Complaint*, Boundless now argues that the October 30, 2024 date "does not establish a factual-fixed date, but rather a disputed one, and it does not constitute any judicial admission, because it denotes only an estimated time frame." (Docket No. 14 at 2). This argument is erroneous at law for two reasons.

First, the on or about October 30, 2024 date is a binding admission. Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.").

Second, Boundless may not attempt to amend its *Complaint* by way of its opposition to the *Motion to Dismiss*. Asociación de Detallistas de Gasolina de P.R., Inc. v. Puerto Rico, No. 23-CV-1175-RAM, 2023 WL 6201398, at *5 (D.P.R. Sep. 22, 2023), *aff'd*, 138 F.4th 686 (1st Cir. 2025). Had Boundless understood that the October 30, 2024 date was erroneous, it could have sought leave to amend its *Complaint* in accordance with Federal Rule 15 of Civil Procedure. Yet, it did not do so.

As such, the October 30, 2024 date remains controlling.

Civil No. 25-1656 (GMM)
Page - 9 -

statute of limitation, (Docket No. 19 at 4-5); *see also* (Docket No. 20), and that Boundless' reliance on equitable tolling is misplaced and unsupported by the law. (Id. at 5-7).

"Equitable tolling is a doctrine that provides that[,] in exceptional circumstances, a statute of limitations may be extended for equitable reasons not acknowledged in the statute creating the limitations period." Ramos-Martínez v. United States, 638 F.3d 315, 321 (1st Cir. 2011).[2]

Boundless bears the burden of establishing the basis for equitable tolling. Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). It must demonstrate that it pursued its rights diligently and that some extraordinary circumstance prevented the timely filing of the lawsuit. Holland v. Florida, 560 U.S. 631, 649 (2010). "Federal courts have typically extended equitable relief only sparingly." Irwin, 498 U.S. at 96.

In assessing equitable tolling, the First Circuit identifies the following factors as guides: "(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of

---

[2] Equitable tolling generally applies to federal statutes. Rotella v. Wood, 528 U.S. 549, 560 (2000). However, "[w]here a statute of limitations is jurisdictional, it cannot be subjected to equitable tolling. *See* United States v. Wong, 575 U.S. 402, 408-09 (2015). The First Circuit has not opined as to whether the Miller Act's statute of limitation is jurisdictional, and therefore whether it is subject to equitable tolling. Since equitable tolling is unavailing, the Court assumes without deciding for the purposes of its analysis that the Miller Act's statute of limitations is non-jurisdictional.

Civil No. 25-1656 (GMM)
Page - 10 -

prejudice to the party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." Jobe v. Immigr. & Naturalization Serv., 238 F.3d 96, 100 (1st Cir. 2001). Ultimately, "[t]he fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a party to miss a filing deadline are out of his hands." Id. (internal citation omitted).

As to the case at hand, Boundless has failed to meet either element of the test.

First, Boundless has made no showing that it sought to diligently file the *Complaint* prior to the one-year limit, nor that it failed to do so for reasons that were "out of its hands." Other than asserting that it lacked proper notice about Venergy's lack of payment, Boundless has not identified any efforts it made to initiate this lawsuit on time.

In addition, under federal law, Boundless enjoyed constructive notice about its duty to timely suit, because "the general rule [is] that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." Heckler v. Cmty. Health Servs., 467 U.S. 51, 63 (1984) (regarding the reimbursement of federal funds). Boundless, hence, "could expect no less than to be held to the most demanding standards in its quest for public funds." Id.; *see* Kelley v. NLRB, 79 F.3d 1238, 1249 (1st Cir. 1996).

Second, Boundless has not identified an extraordinary circumstance that would warrant tolling. The mere fact that Venergy notified Boundless that it would not execute full payment of the invoices about three months after the completion of the construction project is not, in and of itself, an extraordinary event. Moreover, there is no allegation that, after Venergy provided notice, Venergy misled Boundless into foregoing a timely cause of action or impeded Boundless from exercising its claim for relief on a timely basis.

As such, the Court finds that the Miller Act claims are time-barred.

## C.   Puerto Rico Law

Boundless asks this Court to exercise supplemental jurisdiction over the remaining Puerto Rico law claims. (Docket No. 1 at 2 ¶ 4); *see* 28 U.S.C. § 1367. The Court declines that invitation.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017) (*quoting* Carnegie—Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Civil No. 25-1656 (GMM)
Page - 12 -

Taking such into account, jointly with the fact that "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), this Court will not exercise supplemental jurisdiction.[3]

### IV.   CONCLUSION

The *Motions to Dismiss* submitted by the VA and Venergy, and joined by Endurance, (Docket Nos. 5, 21); *see also* (Docket No. 6), are **GRANTED.** Boundless' Miller Act claim against the VA is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Boundless' Miller Act claims against Venergy and Endurance are **DISMISSED WITH PREJUDICE** as time-barred. The causes of action under Puerto Rico law are **DISMISSED WITHOUT PREJUDICE.** IT IS SO ORDERED.

In San Juan, Puerto Rico, on August 4, 2026.


/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ- MIRÓ
United States District Judge

---

[3] Boundless argues in the alternative that it may "drop the VA as a codefendant to preserve diversity" jurisdiction over the Puerto Rico law claim. (Docket No. 14 at 11). However, "a plaintiff cannot circumvent complete diversity by artful pleading" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (*quoting* Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 79 (1st Cir. 1982)). Therefore, this Court will not entertain speculations as to potential actions by Boundless to post-hoc create subject-matter jurisdiction.